DELL, Judge.
Appellant Blue Cross/Blue Shield entered into a major medical insurance contract with the town of Golden Beach. The policy covered appellee, an employee of the Golden Beach Police Department. During the course of his employment appellee filed a claim with Blue Cross/Blue Shield for expenses connected with injuries sustained in an automobile accident. On September 1, 1983, three months after the accident, appellee terminated his employment with the town of Golden Beach. However, he did not exercise the termination conversion privileges provided by the Blue Cross/Blue Shield policy. The insurer denied liability for medical expenses incurred by appellee after his termination date, September 1, 1983. Appellant contends that the trial court erred when it awarded appellee benefits for expenses incurred after his termination date. We agree.
Appellant’s policy provided:
6.1 TERMINATION — If a covered employee ceases to regularly work the required thirty (30) hours per week, coverage respecting such employee and all of his eligible dependents, if any, shall terminate automatically at the end of the payment period during which the employee last worked thirty (30) hours per week.
We find no ambiguity in the language of the foregoing provision. Appellant’s policy provides for extension of benefits beyond the date of termination of his employment:
5.2 EXTENSION OF BENEFITS — If on the date this contract terminates for the entire group, a benefit period has been established by a subscriber and such subscriber is totally disabled by an injury or illness for which benefits are payable under this contract, and, while so totally disabled, the subscriber incurs covered expenses on account of such injury or illness, benefits will be provided, for services rendered within twelve (12) months of the date of contract termination, in accordance with the provisions of this contract, as if it had not been terminated.
However, appellee does not come within this provision because the group policy was in effect when appellee terminated his employment and he makes no allegation of total disability. Since appellee did not exercise his right to convert the policy upon termination of employment, we find no provision within appellant’s policy which would extend benefits for his post-termination *924 medical expenses. In Blue Cross of Florida, Inc. v. Dysart, 340 So.2d 970 (Pla. 2d DCA 1976), the court concluded that in the absence of a specific policy provision, coverage is not available for post-termination medical expenses resulting from a pre-ter-mination injury. We reach the same conclusion here. Although we recognize the harsh result of this decision, the plain language of the policy precludes us from adopting the reasoning of Judge Board-man’s dissent in Dysart.
Therefore, we reverse and remand this cause to the trial court with instructions to enter judgment in favor of appellant.
REVERSED and REMANDED.
HERSEY, C.J., and GUNTHER, J., concur.