WIGGINTON, Judge.
Appellant, Time Insurance Company [Time], appeals a final judgment determining that it must continue to pay benefits to appellee under a major medical insurance policy for expenses appellee incurred after the policy was terminated for treatment of a disease which was diagnosed while the policy was in effect. We reverse.
Time issued the policy in question to appellee on May 5, 1983. Several months later, appellee also became covered under a group medical policy through his wife’s employer. Thereafter, in February 1984, he was diagnosed with cancer, for which he received treatment from then until his death from the disease in May 1988.
The policy issued by Time clearly provided that it was renewable at Time’s option each year on the anniversary date of the policy, which was May 5. The policy also provided: “Time agrees to pay you for Covered Charges which result from injury or sickness based on policy provisions. Services must be received and charges must be incurred by you or your dependents while this policy is in force.” The policy contained no provision whatsoever for payment of post-termination benefits. From February 1984 until May 1987, Time paid over $100,000 for losses claimed by appellee for his cancer treatments. At the same time, the group policy which covered appellee was also providing full coverage. The group policy continued to provide full coverage to appellee until his death.
In December 1986, Time wrote to appel-lee that it had recently discovered that he had other insurance coverage, the group policy, which was resulting in substantial duplication of benefits. Thereupon, Time informed appellee that it would continue his coverage under the Time policy only if he terminated his group policy coverage; otherwise, it would exercise its option not to renew his policy on the anniversary date of May 5, 1987. When appellee did not terminate his group policy coverage, Time exercised its option not to renew its policy on May 5, 1987, and thus the policy terminated as of that date.
Appellee filed a complaint seeking declaratory judgment and equitable relief asserting that Time had no right to “cancel” or refuse to renew the policy and thereby cut off his benefits which he claimed had vested since his disease had been diagnosed while the policy was in force and treatment was continuing. The trial judge agreed and declared the policy in full force and effect as to medical bills and covered expenses caused by appellee’s cancer.
The clear terms of the policy mandate reversal. The policy is not a guaranteed renewable policy but is one that is renewable at the option of the company. No meritorious argument has been made that Time unconscionably exercised that option under the circumstances of this case. The policy is not an accident, “occurrence” or cancer policy which might contemplate covering, even beyond termination of the policy, an event or illness which arose during the life of the policy. As in Blue Cross of Florida, Inc. v. Dysart, 340 So.2d 970 (Fla. 2d DCA 1976) and Blue Cross and Blue Shield of Florida v. Van Every, 495 So.2d 923 (Fla. 4th DCA 1986), the instant policy is a major medical policy which specifically provides that it covers services received and charges incurred while the policy is in force. The policy further contains no post-termination benefits clause thereby clearly indicating that services received and charges incurred post-termination are not covered. In Dy-sart and Van Every, the courts found that in the absence of a specific policy provision *16 providing for post-termination coverage of medical expenses resulting from a pre-ter-mination injury or sickness, the clear implication is that the policy was not intended to provide such coverage. In light of those decisions and recognizing that insurance companies are liable only for those benefits and risks for which they have contracted, we find that the trial judge erred in extending coverage of the policy in question beyond its terms. Therefore we REVERSE.
The remaining points are either rendered moot by this decision or have been found to be without merit.
BARFIELD and WOLF, JJ., concur.